QUIGLEY BROTHERS v. DUFFEY.

1. **Intoxicating Liquors:** PROMISSORY NOTE: WHEN VOID.  A promissory note, a portion of the consideration of which was intoxicating liquors sold in violation of law, is wholly void.

2. **Account:** SETTLEMENT BY VOID NOTE: PAYMENT.  Where a note given in settlement of an account was declared void because of certain items for intoxicating liquors included therein, and the account had been continued from the date of the note, it was held that payment made upon account generally would be applied to extinguish the earliest legal items embraced in the note.

*Appeal from Clinton District Court.*

THURSDAY, DECEMBER 11.

THE plaintiffs are grocery merchants, and as such sold the defendant goods from time to time and charged the same in account.  The first item is under date of February 3, 1868, and the last November 12, 1873.  On the 25th day of January, 1870, the defendant executed to plaintiffs his promissory note for $177.65, the same being designed to cover the amount due by account at that time.  Among the items of account were some for intoxicating liquor sold in violation of law.  The plaintiffs bring this action to recover upon the note, and upon the account accruing subsequent to its execution; and in case the note is held void they ask to be allowed to recover upon

all the legal items of account, including those intended to be covered by the note. The petition, however, admits certain payments which are to be deducted.

The defendant pleads that the note is void by reason of the fact that a part of the consideration thereof is illegal, and he further pleads as a defense to a recovery upon the legal items of the account intended to be covered by the note that a right of action upon the same as an account is barred by the statute of limitations.

The case was referred to a referee. He reported in substance that the note was wholly void, that the right of action upon the legal items of the account intended to be covered by the note was barred, and that the payments made should be applied upon the account which accrued subsequent to the execution of the note. He accordingly found that the amount due the plaintiffs was $11.05. The plaintiffs excepted to the findings and conclusions, and the court sustained the exceptions, set aside the report and recommitted the case to the referee. The defendant appeals from the order.

*Merrell & Howat*, for appellant.

*Cotton & Wolfe*, for appellees.

ADAMS, J. The defendant insists that the referee was correct in his conclusions that the note is wholly void, a part of the consideration being illegal, and that the legal items of the account having accrued more than five years before the commencement of the action, the action thereon was barred. The plaintiffs insist that the note is void only to the extent of the illegal consideration. They further insist that if it is wholly void still a recovery should be allowed upon the legal items of the account intended to be covered by the note, notwithstanding the lapse of five years between the last item and the commencement of the action, because they may be taken with the items of account accruing within five years as constituting one continuous account. To this the defendant replies that at the time the note was given the account for which it was given must be

1. INTOXICAT-ING liquors: promissory note: when void.

regarded as having been stated, and so that part of the account was severed from the part which followed.

That such a note would be wholly void was held in *Taylor & Co. v. Picket et al.*, *ante*, p. 476.

The question raised in regard to the severance of the account need not be determined. The payments made are sufficient to extinguish the legal items of the account intended to be covered by the note, provided the payments are applicable thereto. The defendant insists that they are not. In our opinion they are.

The only testimony in regard to the matter was that of one of the plaintiffs. He testified that he did not give the defend- **2. ACCOUNT:** ant credit for the payments upon the note, because **settlement by void note:** they did not amount to enough to take it up; **payments.** that he proposed to give the defendant credit on the book account, and the defendant assented. Now if the note was void, as defendant contends, the whole indebtedness so far as it was legal was due upon account. It stood precisely as if no note had been given. The proposition made to defendant to give him credit on the book account must, we think, in the absence of evidence to the contrary, be understood as meaning to give him a credit in the plaintiff's book of account, to be applied under the law governing the application of payments where there is no direction making the payments applicable to specific items. If we had merely the book before us showing no note given, but simply the items charged to defendant upon one side and the payments made by him credited upon the other, it would appear of course that the oldest legal items must be considered as paid. But the case is not different if the note is wholly void, and if there is no evidence that the credit for payments was not given as directed or assented to by defendant. In such case the application must be determined from what appears upon the face of the book.

This being our view, it follows that the report of the referee was properly set aside.

AFFIRMED.